**Chun WANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales,\* Respondent.**

Docket No. 03–4231.

United States Court of Appeals, Second Circuit.

Aug. 9, 2005.

Joe Zhenghong Zhou, Flushing, N.Y., for Petitioner.

Robert K. Coulter, Assistant U.S. Attorney, for Paul J. McNulty, U.S. Attorney

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

for the Eastern District of Virginia, Alexandria, Va, for Respondent.

Present: CALABRESI, RAGGI, Circuit Judges, and MURTHA,** District Judge.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Petitioner Chun Wang, a native and citizen of the People's Republic of China, petitions for review of the BIA's denial of his motions to reopen his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA").[1] We assume the parties' familiarity with the facts, the procedural history, and the specification of issues.

 Wang moved for reopening, *inter alia*, on the ground that he was eligible for an adjustment in status under INA § 245(i), 8 U.S.C. § 1255(i) (2000). The BIA found that Wang's failure to depart voluntarily within thirty days of his final removal order, as required by that order, rendered him ineligible for an adjustment in status, under former INA § 242B(e)(2)(A), 8 U.S.C. § 1252b(e)(2)(A) (repealed 1997),[2] for a period of five years. [JA 48, JA 22] Before this Court, Wang argues that the five-year bar on relief should not apply in light of "exceptional circumstances"—in particular, the approval, after Wang's thirty-day departure deadline had passed, of an I–140 alien worker petition filed by Wang's employer on his behalf. [JA 50]

But, under the law of this circuit, the "exceptional circumstances" exception to the five-year bar on relief applies when "depart[ing] the United States voluntarily ... [is] *impossible* for physical reasons, such as a serious illness, or by reason of a moral imperative, such as the death of an immediate relative." *Mardones v. McElroy*, 197 F.3d 619, 624 (2d Cir.1999). The circumstances Wang describes do not reach this high bar.

Wang also contends that he did not receive adequate notice of the consequences of his failure to depart voluntarily. The record, however, demonstrates that he did receive adequate notice. Wang makes additional arguments—that the Immigration Judge erred in granting voluntary departure, that the five-year bar on relief began after the initial grant of voluntary departure, in 1996, and, hence, has now lapsed, and that he was denied due process at his removal hearing—all of which are manifestly meritless.

We have considered all of Wang's claims and find them to be without merit. The petition for review is therefore DENIED, and the outstanding motion for stay of deportation is DENIED.

---

** The Honorable J. Garvan Murtha, United States District Judge for the District of Vermont, sitting by designation.

1. After filing his initial motion, Wang filed a revised motion presenting another ground for reopening.

2. This provision of the INA, which has since been repealed, applies to Wang under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("ERIRA"), Pub.L. No. 104–208, § 309(c), 110 Stat. 3009–546, 3009–625 to 3009–627.